E-FILED
Wednesday, 05 March, 2008 02:14:51 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT
OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| RESPONDENT/PLAINTIFF, | * CASE NO: 01-20005-01 |
| -VS- | * HONORABLE JUDGE: MICHEAL P. McCUSKEY |
| | * |
| GREGORY WILLIAMS, | * |
| DEFENDANT/MOVANT, | * |
| | * |

FILED
MAR -3 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

<u>MOTION PURSUANT TO 18 U.S.C. §3582(c)(2)
TO MODIFY SENTENCE</u>

**COMES NOW,** Defendant/Movant, Gregory Williams, <u>pro se</u>, and respectfully moving this Honorable Court to modify his previously imposed sentence herein; based upon the provisions of 18 U.S.C. §3582(c)(2), which authorizes a modification whenever the sentence imposed is based upon a range which has been subsequently lowered by Amendments to the Guidelines. And the Amendment 706 that's applicable to Cocaine Base/Crack violations.

In support of [said] motion, Mr.Williams files and submits his memorandum in support and respectfully asks this Honorable Court to either grant the relief sought herein or set this matter for an evidentiary hearing.

<u>MEMORANDUM IN SUPPORT OF
MR.WILLIAMS MOTION TO MODIFY</u>

Mr.Williams, proceeding <u>pro se</u>, and respectfully submitting the following facts of law and authorities in support to modify his term of imprisonment. Mr.Williams, brings this Honorable Court's attention to the policy statement of § 1B1.10 as it is advisory, and in as much nothing in the statutory language requires that the guideline amendment actually have the effect of lowering Mr.Williams Guideline range before this Honorable Court can <u>revisit</u> Mr.Williams sentence.

Rather, the statue requires that Mr.Williams sentence was **"based on"** a sentencing range that has been subsequently lowered. See., <u>U.S. vs. Labonte,</u> 70 F.3d 1396, 1412, **(1st.Cir.1995)**("rejecting government's argument that § 3582(c)(2) resentencing is

inappropriate where defendant's original sentence falls within the amended guideline range because, "We cannot be confident that, faced with a different range of options, the district court's choice will remain the same").

Moreover, Mr.Williams sentence was **"based on"** the Cocaine Base/Crack Guideline range because that range represented the starting point of every sentence pre- and post <u>Booker</u>. Supportedly, Mr.Williams points this Honorable Court's attention to the Supreme Court holding in <u>Gall</u>, **128 S.Ct. at 596** ("[A] district court should begin <u>all</u> sentencing proceedings by correctly calculating the applicable Guideline range...the Guidelines should be the starting point and the initial benchmark. They are <u>not</u> the only consideration, however....[T]he judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party")(emphasis added).

Additionally, Under § 3582(c)(2) requires the Court to consider all applicable § 3553(a) factors. The Supreme Court recently stated that, "the extent of the difference between a particular sentence and the recommended Guideline range is surely relevant" to a sentencing decision. <u>Gall vs. U.S.</u>, **128 S.Ct. 586, 591 (2007).** Given this relevance, this sentencing Court is free under §3582(c)(2) to consider the retroactive amendment in deciding, for example for whether the <u>advisory</u> sentence requested by Mr.Williams is **"Sufficient but not greater than necessary to satisfy the purpose of sentencing."**

Thus, "the disruption of finality engendered by a broad interpretation of § 3582(c)(2) is consistent with the legislative design, "Which anticipates that sentences will be <u>re-opened</u> whenever a guideline amendment is given retroactive effect." <u>U.S. vs. Goines</u>, **357 F.3d 469, 478 (4th Cir.2004).**

In sum, Mr.Williams, states this Court should consider the purpose of this amendment and the factors set forth in his § 3553(a) basis, and the holdings in <u>Booker</u> and <u>Kimbrough</u> in respect that the Guidelines were made advisory in all contexts.

## BOOKER AND KIMBROUGH APPLICATION TO §3582(c)(2)

<u>Booker</u>, made it clear that the Guidelines cannot be applied as mandatory in some circumstances and not in others. The Court rejected the government's suggestion that it "render the Guidelines as advisory in any case in which the Constitution prohibits judicial factfinding" but "leave them as binding in all other cases....[W]e do not see how it is possible to leave the Guidelines as binding in other cases. For one thing, the Government's proposal would impose mandatory Guidelines- type limits upon a judge's ability to increase sentences. We do not believe that such <u>one-way</u> levers are compatible with Congress' intent." <u>Booker</u>, **543 U.S. at 266 (internal punctuation marks omitted)(emphasis in original).**

Again, in **Kimbrough**, the Court rejected the government's argument that §2D1.1 and, more specifically, the Crack Guidelines, can be interpreted in any way that renders it effectively mandatory: "[U]nder <u>Booker</u>, the Cocaine Guidelines, like <u>all</u> other Guidelines, are advisory only; and...the Court of Appeals erred in holding the Crack/Powder disparity effectively mandatory." <u>id</u> **at 5.**

As explained, by Mr.Williams those portions of amended §1B1.10 that "would impose mandatory Guideline- type limits upon a judge's ability to reduce sentences" and would render §2D1.1 "effectively mandatory" for defendant's being resentenced under section 3582(c)(2) violate **Booker** and **Kimbrough** and are <u>void</u> as a matter of law. See., **Neal, 516 U.S. at 290, 295** (Commission "does not have the authority to [effectively] amend [a] statue' by interpreting" it in ways contrary to the construction given it by the Supreme Court and the Court will "reject [the Commission's] alleged contrary interpretation"); **Stinson, 508 U.S. at 38** ("Commentary in the Guidelines Manual that interprets or explains a Guideline is authoritative unless it violates the Constitution") (emphasis added).

Concluding, this Honorable Court should modify Mr.Williams sentence in accordance to the authorities set forth and a sentence "Sufficient to meet the purposes of Sentencing."

## FACTUAL BACKGROUND

On or about January 2, 2001, a complaint was filed in the U.S. District Court, Urbana, Illinois against Mr.Williams. The Complaint charged that from June 1996 through April 1997, in Macon County, Illinois, the Defendant/Movant, Gregory Williams, conspired with three other co-conspirators in violation to distribute cocaine base/crack. On January 17, 2001, an indictment was filed in U.S. District Court, Urbana. The indictment charged Mr.Williams with violations of §§ 846 and 841(a)(1) & (B)(1)(A) and 18 U.S.C. § 2 for the distribution of over 50 grams of cocaine base/crack.

In particular, Count One- is the applicable violation for modification of Mr.Williams term of imprisonment. The amount of Cocaine base/Crack that is determined to me applicable to Mr.Williams is between 500 grams and 1.5 kilograms of Cocaine base/Crack. So. Mr.Williams sentence was **"based on"** a Guideline that has been subsequently lowered for the purposes of modifying the previous imposed term of imprisonment.

Mr.Williams, total Base Offense Level that was applied under the former mandatory § 2D1.1 of the Guidelines was applied as follows:

1) A Starting Base Offense Level of 36 in respect to 500 to 1.5 Kilograms of Cocaine Base/Crack. **id. PSI at pg.3**
2) A three-level (3) reduction under §3E1.1 for Acceptance of Responsibility.
3) A subtotal of criminal history points is 6, for a criminal history category III.

For a term of imprisonment of 151 months in regards to taking into consideration other Guideline reductions and mitigating factors to meet the term of 151 months of imprisonment.

However, Mr.Williams remains in the custody of the Bureau of Prisons serving the sentence imposed herein, and has now been for a period of over Seven (7)- years.

-4-

## PROCEDURAL SUPPORT FOR MR.WILLIAMS MOTION TO MODIFY SENTENCE

This motion, which pertains to Count #1 of Mr.Williams indictment is governed pursuant to 18 U.S.C. § 3582(c)(2), which provides in pertinent part as follows:

(c) Modification of an imposed term of imprisonment- The Court may not modify an imposed term of imprisonment once it has been imposed except that-

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 § 994(o) upon motion by the defendant or the Director of the Bureau of Prisons, or its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Importantly, On November 1, 2007, which after Mr.Williams final sentencing, the United Stated Sentencing Commission amended the Sentencing Guidelines specifically to offenses pertaining the substance of Cocaine base as Known as "CRACK" in §1B1.10.

Then subsequently on December 11, 2007 the United States Sentencing Commission made the "CRACK" amendment retroactive, and thus to take effect on March 3, 2008.

Specifically, Mr.Williams respectfully contends that he was sentenced "...to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission..." However, Mr.Williams, sentenced as imposed was calculated based upon the old Guidelines under former §2D1.1 in which in all things has been amended. As much, Mr.Williams, respectfully requests this Honorable Court to Modify his sentence.

## SUBSTANTIVE BASIS FOR MR.WILLIAMS MOTION TO MODIFY SENTENCE

Mr.Williams, was determined to be held accountable for (**500 grams to 1.5 Kilograms of Cocaine base/Crack Cocaine**) under former §2D1.1. Thus, allowing this Honorable Court to revisit his sentence do to it was **"based on"** a sentencing range that has been lowered and to consider Mr.Williams § 3553(a) factors in determining the sentence requested by Mr.Williams to reflect the Supreme Court holding in **Gall, 128 S.Ct. at 596.**

In support, the Guidelines are only advisory pursuant to **Booker, 543 U.S. 220, 245-46, 125 S.Ct. 738.** Mr.Williams, case presented a Mandatory minimum sentence of Ten (10) year to Life under §§ 846 and 841(b)(1)(A).

Moreover, under 18 U.S.C. § 3582(c)(2) this Honorable Court can resentence Mr.Williams pursuant to the sentencing range that has been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), and by determining the newly reduced Guideline range, and determining an appropriate sentence in accordance with § 3553(a) factors.

In this Honorable Court's methodology in revisiting Mr.Williams sentence he requests that the Court take into consideration the following supportive basis as follows as pointed out in the Supreme Court holdings in **Booker, Rita, Kimbrough, and Gall**:

A. Calculate a New Guideline Range.
B. Consider Mr.Williams § 3553(a) factors.
C. Meet the Sentencing objectives of Congress' in respect for making the Amendment 706- retroactive to defendant's such as Mr.Williams.
D. Avoid unwarranted disparity under § 3553(a) factors.
E. To fix the problem as it **"fosters disrespect for and lack of confidence in the justice system"** because of a widely-held perception" that it **promotes unwarranted disparity based on race.'** " See., 552 U.S.___(2007) at 9.
E. And to use this Amendment as a **"interim"** as it is intended to incomplete fixes of the problems associated with the 100-to-1 ratio, and as much not perfect. **id. U.S.S.G. App.C. Supp. Amend 706 (Reason for Amendment).**

And to grant Mr.Williams a sentence that's "Sufficient but not greater than necessary to satisfy the purpose of sentencing." Mr.Williams, request a sentence of 120 months.

Furthermore, in an "Opposition outlook" and in accordance to the mandate of §§3553 (a)(1)(A) and (a)(1)(6), and amongst other applicable § 3553(a) factors, Mr.Williams points out to this Honorable Court the disparity effect on his term of incarceration and the urgent need to grant him a modified sentence as for this Court to take into Consideration that Cocaine base/Crack is the same controlled substance as Powder Cocaine but punished more severly in the Cocaine base/Crack form. If Mr.Williams, was held accountable for the same amount of drugs but in Powder form his sentence would have been as follows:

i. A Starting base offense level of 26 for 500 grams but less than 2 Kilograms of Powder Cocaine.
ii. A three-level (3) reduction under §3E1.1 for Acceptance of Responsibility.
iii. A Total term of imprisonment of 57-71 months, Criminal History Category III.

-6-

Importantly, this illustration by Mr.Williams support the reasoning for the Amendment of 706, and the in depth disparity that plays out in Mr.Williams term of imprisonment. This Honorable Court should take a discretional outlook in determining the total sentence of Mr.Williams and the.... § 3553(a) factors for "the need for just punishment" as the disparity of Mr.Williams term of imprisonment is pointed as for the same controlled substance; one sentence is 57-71 months of imprisonment and the other the 151 months of imprisonment that Mr.Williams is serving and have been serving for the last Seven-(7) years does not meet the objectives set forth by Congress. See., **Kimbrough vs. U.S.**, 552 U.S.____,____(2007)(Slip op., at 8-9).

"As pointed out by the Sentencing Commission the Commission concluded that the Powder/Crack disparity "fails to meet the sentencing objectives set forth by Congress in both the Sentencing Reform Act and the 1986 Act.' " **id. Kimbrough at slip op., 8-9.**

In sum, the Crack/Powder disparity is of extraordinary severity and this Honorable Court should consider a sentence that's appropriate to promote the need for "Just Punishment" and to sentence Mr.Williams to a sentence "Sufficient but not greater than necessary to satisfy the purposes of sentencing."

### APPLICATION OF MR.WILLIAMS §3553(a) FACTORS

As explained above, this motion is brought pursuant to § 3582(c)(2), which provides that, if the Court finds factual basis under the statue for modification of a previously imposed term of imprisonment, it may modify the sentence...after considering the application of 18 U.S.C. §3553(a) factors. Mr.Williams, submits that the application of his §3553(a) factors to this particular case demonstrates that a modification of his sentence is reasonable and justified.

Mr.Williams, attaches hereto; A recent Bureau of Prisons "PROGRESS REPORT" relating to himself. It is respectfully submitted that the report reflects that Mr.Williams' has exhibited exemplary conduct throughout the Seven (7) years on incarceration.

-7-

Additionally, the report reflects the many voluntarily participated programs offered by the Bureau of Prisons, and participating in the "40 hour in-house Drug Program." As in much by the illustrated certificates and the totality of the report as it reflects that Mr.Williams conduct continues to be good, and he is regularly participating in such programs to better himself for the re-entry phase back into society.

These factors respectfully contends that there is ample justification pursuant to the factors set forth in § 3553(a) for a modification of sentence and the need for a sentence that is appropriate and just to meet the Powder/Crack disparity as reflected in Amendment 706, respectively.

In particular, Mr.Williams states as this Honorable Court refigure his base offense level that's applicable to his charged violation under §§ 846 and 841, he asks this Honorable Court to take into consideration the following facts in support of § 3553(a) factors and to formulate a sentence that's in accordance with the Supreme Court mandates:

1) Mr.Williams, "Progress Report" reflects his conduct and the exemplary conduct throughout the Seven (7)- years plus of incarceration.
2) Mr.Williams, had received his G.E.D. Diploma to assist him in society.
3) The report will also indicate that Mr.Williams has never received any incident reports while being incarcerated for the Seven (7)- years plus, and Mr.Williams continues to exercise his ability to rehabilitate himself and program regularly.
4) And the need to meet a sentence that's "Sufficient but not greater than necessary to meet the purposes of sentencing and to satisfy the sentencing objectives set forth by Congress."

In sum, these factors are all in accordance with the Statues set forth in § 3553(a), and § 3582(c)(2) that gives this Honorable Court the authority to grant Mr.Williams a reduced term of imprisonment and so rule.

## CONCLUSION

Mr.Williams, has established both a procedural and a substantive basis for [said] motion, pursuant to 18 U.S.C. § 3582(c)(2) for a sentence modification. Mr.Williams, asks this Honorable Court to grant him a modified sentence of **120 months**. Thus, allowing Mr.Williams to re-enter back into society and to start his new life under the granting of a modified sentence under Amendment 706, and all in accordance to the Statues and Authorities stated herein, to reflect "A sentence that's sufficient but not greater than necessary to satisfy the purpose of sentencing.:

Concluding, Mr.Williams has served a significant amount of time incarcerated and has taken all the procedures that will ensure him a better life in society. The need for any more prison term beyond the **120 months** would be far greater than necessary and will only deter Mr.Williams from the objectives of Congress' and the second chance at life to show he is a law-abiding citizen now.

Mr.Williams, respectfully requests that this Honorable Court will grant the relief sought, and any other relief that this Court may deem is appropriate to reflect Mr.Williams substantial change in his life and the measures he has taken to rehabilitate himself. And enter a order advising Mr.Williams of [said] reduction of this Honorable Court.

Respectfully submitted,

*/s/ Greg Williams*
Gregory Williams

## CERTIFICATE OF SERVICE

I, Mr.Williams, hereby certify that a true and exact copy of the foregoing motion for "Modification of Sentence" was mailed to the Clerk of Court's for the Central District of Illinois on this _28_ day and _FEB_ Month of 2008.

*/s/ Greg Williams 12619-026*
Gregory Williams, #12619-026
Federal Prison Camp
P.O. Box 4000
Manchester, KY 40962-4000



# Certificate of Achievement

awarded to:

**Greg Williams**

For Completion of Communication Skills Class

This the 9th day of September, 2002

*Psychology Services*
*FCI Beckley, West Virginia*

K. McDaniel, Psy.D.
Staff Psychologist

# THIS CERTIFICATE IS AWARDED TO

## *Gregory Williams*

## FOR THE COMPLETION OF THE BRAVE LITE PROGRAM

FCI Beckley
February 26 - March 7, 2002

Tracy M. Ellison, BRAVE Specialist

Dr. Patti Butterfield, BRAVE Coordinator

# Certificate of Achievement

This certifies that

### GREGORY WILLIAMS

has satisfactorily completed

### DRUG ABUSE EDUCATION

Consisting of __40__ Hours of Training

This certificate is hereby issued this __18TH__ day of __DECEMBER__, 20 __07__

At FCI MANCHESTER, KY

_____
C. K. Gibson, B.A.
Drug Treatment Specialist

_____
Dr. C. L. Hanson, Ph. D.
DAP Coordinator

```
            *         PROGRESS REPORT            *    04-09-2006
  PAGE 1
  RSP OF: FCI ASHLAND KENTUCKY     US DEPARTMENT OF JUSTICE BUREAU OF PRISONS
          P.O. Box 888
          Ashland, KY 41105
          606-928-6414


  NAME: WILLIAMS, Gregory   REGNO: 12619-026   AGE(DOB): 33/       1972
```

| INMATE REVIEWED/SIGNATURE | DATE | STAFF SIGNATURE |
|---|---|---|
| *[signature]* | 4/10/06 | *[signature]* |

**TYPE OF PROGRESS REPORT:**

INITIAL __ SIH __ TRIENNIAL __ PRE-RELEASE _X_ TRANSFER _ OTHER:

| PRESENT SECURITY/CUSTODY LEVEL: | PUBLIC SAFETY FACTOR(S): |
|---|---|
| Minimum/Out | NONE |

**OFFENSE/VIOLATOR OFFENSE:**
**SENTENCE IMPOSED AND TERM OF SUPERVISION:**

21:846,841,18:2 CONSP. DIST. OVER 50GMS COCAINE BASE (CRACK)
151 MTHS, 5 YRS SRT (01-20005-01)

**DATE COMPUTATION BEGAN:** 01-04-2002

| DAYS FSGT/WSGT/DGCT: | DAYS GCT OR EGT/SGT: | MONTHS SERVED:<br>+ JAIL CREDIT - INOP |
|---|---|---|
| 0 / 0 / 00 | 592 GCT | M: 51 D: 5<br>+ 368 |

| PROJECTED RELEASE DATE: 12-17-2011 | PROJECTED RELEASE METHOD: GCT |
|---|---|

**DETAINERS/PENDING CHARGES:**

N/A

**CO-DEFENDANTS:**

SEE PSI

-------------------------- INSTITUTIONAL ADJUSTMENT --------------------------
Inmate Williams was initially designated to FCI Ashland on March 23, 2005. His
institutional adjustment there was rated as good based upon satisfactory work reports.
His overall adjustment has been good as evidenced by his program participation and by
achieving program goals set by his Unit Team.




DISTRIBUTION: ORIGINAL TO INMATE, COPY TO USPO, COPY TO USPC
              CENTRAL FILE - SECTION TWO                           BP-CLASS-3

```
PROGRESS REPORT
NAME: Williams, Greg          REGNO: 12619-026              04-09-2006
PAGE: 2
```

A.  PROGRAM PLAN:

Inmate Williams had his first Program Review at this facility in March 2005. During this review, he was encouraged to: satisfy his court imposed obligations, enroll in a post-secondary education class of choice or any of the vocational programs offered by the Education Department, participate in psychological or formal group counseling program focusing upon the avoidance of substance abuse, save funds toward release, and maintain a clear conduct record. The accomplishment of these goals are described below.

B.  WORK ASSIGNMENTS:

```
FCL   ASSIGNMENT DESCRIPTION                      START DATE/TIME   STOP DATE/TIME
ASH   FS D.RM.AM FOOD SVC AM DINING ROOM          11-03-2005 0001   CURRENT
ASH   FS A&O     FOOD SERVICE A&O                 11-02-2005 0001   11-03-2005 0001
ASH   ORD KB     ORDERLY KB DORMITORY             04-11-2005 0001   11-02-2005 0001
ASH   A/O        FCI ADMISSION & ORIENTATION      03-23-2005 1249   04-11-2005 0001
BEC   KITCH DAY  KITCHEN DAY                      08-08-2004 0001   03-23-2005 0939
BEC   DINING AM  DINING ROOM AM                   06-11-2004 0001   08-08-2004 0001
BEC   F/S TRAIN  F/S TRAINING                     06-10-2004 0001   06-11-2004 0001
BEC   UNASSG     UNASSIGNED WORK                  06-03-2004 1312   06-10-2004 0001
BEC   SHU UNASSG UNASSIGN DUE TO SHU STATUS       05-31-2004 0956   06-03-2004 1312
BEC   DINING AM  DINING ROOM AM                   01-02-2004 0001   05-31-2004 0956
BEC   VACATION   ON VACATION FROM WORK DETAIL     12-26-2003 0001   01-02-2004 0001
BEC   DINING AM  DINING ROOM AM                   06-05-2003 0700   12-26-2003 0001
BEC   DINING PM  DINING ROOM PM                   10-24-2002 1212   06-05-2003 0700
BEC   DINING PM  DINING ROOM PM                   08-28-2002 1022   10-24-2002 0530
BEC   DINING PM  DINING ROOM PM                   05-25-2002 0001   08-28-2002 0851
BEC   F/S TRAIN  F/S TRAINING                     05-17-2002 0001   05-25-2002 0001
```

Inmate Williams completed the Institution's Admissions and Orientation Program at FCI Ashland in March 2005. Since then, he has worked as an Orderly in KB Unit and in Food Service. His work performance evaluation reports from this assignment indicates ratings of satisfactory to good. He works approximately 30-40 hours per week. He volunteered to work overtime on many occasions when increased production was required. His work performance evaluation reports from his detail supervisors at both locations indicate a willingness and ability to perform most assigned tasks through to completion and showed little or no resistance to supervision while at the job site.

C.  EDUCATIONAL/VOCATIONAL PARTICIPATION:

```
------------------------------- EDUCATION INFORMATION ----------------------------
FACL ASSIGNMENT DESCRIPTION                       START DATE/TIME   STOP DATE/TIME
ASH  ESL HAS    ENGLISH PROFICIENT                03-05-2002 0001   CURRENT
ASH  GED HAS    COMPLETED GED OR HS DIPLOMA       03-12-2002 1520   CURRENT

-------------------------------- EDUCATION COURSES -------------------------------
SUB-FACL  DESCRIPTION                START DATE  STOP DATE  EVNT AC LV   HRS
BEC       INTRO TO BRAVE 0830 & 1330 02-25-2002  03-06-2002  P   C  P    14
```

Inmate Williams has not participated in vocational programs to enhance his employability skills.

D.  COUNSELING PROGRAMS:
He has completed the 40 Hour Drug Education counseling and a Brave Drug Program during this term of confinement.

INCIDENT REPORTS: Mr. Williams has not received any incident report during this term of confinement.

F.  INSTITUTIONAL MOVEMENT:
```
FCL   ASSIGNMENT DESCRIPTION                      START DATE/TIME   STOP DATE/TIME
ASH   A-DES      DESIGNATED, AT ASSIGNED FACIL    03-23-2005 1249   CURRENT
BEC   TRANSFER   TRANSFER                         03-23-2005 0939   03-23-2005 0939
BEC   A-DES      DESIGNATED, AT ASSIGNED FACIL    10-24-2002 1212   03-23-2005 0939
BEC   A-DES      DESIGNATED, AT ASSIGNED FACIL    02-15-2002 1530   08-28-2002 0851
```

G.  PHYSICAL AND MENTAL HEALTH:
Inmate Williams is currently cleared for regular duty with a medical restriction of no Food Service. He should be able to work upon release from custody.

PROGRESS REPORT
NAME: Williams, Greg   REGNO: 12619-026   04-09-2006
PAGE: 3

H. **PROGRESS ON FINANCIAL RESPONSIBILITY PLAN:**
   FRP ASSIGNMENT                      START DATE
   COMPLETE                            09-04-2003

Inmate Williams was ordered to pay a $100.00 Felony Assessment Fee. COIF was not an issue in this case.

I. **RELEASE PREPARATION PROGRAM & RELEASE PLANS:**

Inmate Williams has indicated that following the completion of a community-based program activity, he plans to reside in Decatur, Illinois area. Additionally, he has indicated his willingness to participate in the institution's Release Preparation Program. The Unit Team has determined he would benefit from a community corrections center(CCC) placement prior to his release date. This placement will assist in his transition back into the community.

   CMA ASSIGNMENT (REL PREP)                        START DATE
   RPP NEEDS        RELEASE PREP PGM PARTICIPATE   06-01-2009

   PRERELEASE DATE:  06-17-2011

   RESIDENCE: To be secured through CCC.

   EMPLOYMENT: To be secured during CCC placement

   USPO: SENTENCING DIST.: Southern District of Illinois
                           Ms. Phyllis J. Nelson, CUSPO
                           U.S. District Court
                           650 Missouri Avenue
                           East St. Louis, ILL 62201

      RELOCATION DIST.: N/A

J. **RELEASE NOTIFICATIONS:**

   OFFENDER IS SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(B)
   DUE TO: (X)YES ( )No

      CURRENT CONVICTION FOR A DRUG TRAFFICKING CRIME

      18 USC 4042(B) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE
      COMMUNITY WITH SUPERVISION

   IS OFFENDER SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(C)
   DUE TO A CONVICTION FOR CERTAIN SEXUAL OFFENSES

      ( ) YES   (X) NO

      18 USC 4042(C) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE COMMUNITY

   DNA TEST STATUS: REQUIRED

      DNA TESTING APPLIES TO INMATES WITH A QUALIFYING OFFENSE

PREPARED BY: _____   (DATE): 4/10/06
             Darren W. Hankins, KB CSW

DATE TYPED: April 9, 2006
REVIEWED BY: _____   (DATE): 4/10/06
             William S. Wallace, J/K UNIT MANAGER